IN THE U.S. DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON COCA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. _____<br>) |
| PREWETT ENTERPRISES, INC.,<br>d/b/a B&P ENTERPRISES, | ) JURY DEMANDED<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

NOW COMES the plaintiff, Jason Coca, by and through his undersigned counsel, and for his cause of action against the defendant, Prewett Enterprises ("Defendant"), states the following:

### PARTIES, JURISDICTION, & VENUE

1. At all times relevant hereto, Plaintiff is and was a resident and citizen of Illinois.

2. At all times relevant hereto, Defendant is and was a Tennessee corporation with its principal place of business in Mississippi. Defendant has an office in Quincy, Illinois, where Plaintiff was employed. Defendant is licensed to do business in Illinois and continuously and systematically does business throughout the State of Illinois.

3. The tortious conduct alleged herein occurred in Illinois.

4. Thus, venue and jurisdiction are appropriate in this Court.

### COUNT I – RETALIATORY DISCHARGE IN VIOLATION OF 820 ILCS 305/4(H)
*Jason Coca v. Prewett Enterprises, Inc.*

NOW COMES Plaintiff, Jason Coca, by and through his undersigned counsel, and for his cause of action against Defendant, states as follows:

1-4. Plaintiff incorporates paragraphs one through four above as paragraphs one

through four of this Count I.

5. Plaintiff's employment relationship with Defendant commenced in or around February of 2020, and it terminated on or about February 15, 2022.

6. Plaintiff worked as a team leader for Defendant's Quincy location.

7. On February 2, 2022, Plaintiff sustained an on-the-job injury while in the employ of Defendant. Plaintiff presented notice of this injury to Defendant, and Plaintiff subsequently filed a workers' compensation claim.

8. On or about February 15, 2023, Defendant terminated Plaintiff's employment in retaliation because Plaintiff exercised his right to file a workers' compensation claim, but Defendant claimed, as a pretext, that Plaintiff was not performing according to expectations.

9. Plaintiff was disciplined and discriminated against exponentially worse than his co-employees who had not filed a workers' compensation claim.

10. Defendant's act of retaliation by its discharge of Plaintiff is contrary to 820 ILCS 305/4(h) and public policy.

11. As a direct and proximate result of the aforesaid, Plaintiff lost his employment income, benefit entitlement, suffered humiliation and mental anguish, and suffered a loss to his dignity. Plaintiff has experienced losses and incurred expenses in his efforts to find other work. Plaintiff's losses are ongoing.

WHEREFORE, Plaintiff prays for a judgment in his favor for an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000) and for costs of this action. Plaintiff will seek leave of the Court to request punitive damages at an appropriate time.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

**WENDLER & ZINZILIETA, P.C.**

By: /s/Angie M. Zinzilieta
Brian M. Wendler, IL #6196124
Angie M. Zinzilieta, IL #6322894
5 Oak Drive
Maryville, Illinois 62062
Phone: (618) 692-0011
Fax:    (618) 692-0022
Email: wendlerlawpc@gmail.com
*Attorneys for Plaintiff*